# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RALPH FILIPEK,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0671** (BOR Appeal No. 2055250)
                        (Claim No. 2014020373)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Ralph Filipek, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Alpha Natural Resources, Inc., by Counsel Charity K. Lawrence, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for a lumbar MRI, a referral to Andrew Thymius, M.D., and lumbar spine physical therapy on November 14, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 13, 2020, Order. The Order was affirmed by the Board of Review on August 6, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

See Hammons v. W. Va. Off. of Ins. Comm'r, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in Justice v. West Virginia Office Insurance Commission, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. See also Davies v. W. Va. Off. of Ins. Comm'r, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Filipek, a coal miner, fell at work on January 9, 2014, and injured his lower back. Mr. Filipek had previous lower back issues. A lumbar MRI was performed on February 21, 2012, and showed a disc protrusion at L3-4 with stenosis, a large L4-5 disc protrusion with severe stenosis, disc space narrowing from L3-L5, and disc degeneration. In a March 21, 2012, treatment note, Rajesh Patel, M.D., diagnosed L4-5 disc herniation, lumbar degenerative disc disease, lumbago, L3-4 disc protrusion, and mild scoliosis with collapse at L4-5. Dr. Patel recommended Mr. Filipek try injections and physical therapy rather than surgery. A lumbar x-ray showed degenerative changes with mild collapse at L4-5 on March 23, 2012. There was no instability.

The day after his compensable injury, Mr. Filipek sought treatment at Raleigh General Hospital Emergency Department. A CT scan showed an L3-4 disc herniation, degenerative disc disease with disc space narrowing, an L4-5 disc herniation, and bilateral stenosis. Mr. Filipek was diagnosed with chronic lumbar disc herniation. The Employees' and Physicians' Report of Injury, completed on January 13, 2014, indicates Mr. Filipek injured his lower back when he fell at work. The physician's section was completed by Raleigh General Hospital and indicates Mr. Filipek developed lumbar neuroforaminal impingement due to his work injury.

In a January 15, 2014, treatment note, Dr. Patel noted that Mr. Filipek had been in severe pain since his fall at work. Neither injections nor chiropractic treatment were helpful. Dr. Patel diagnosed lumbar sprain, L3-4 disc herniation, L4-5 disc herniation, and lumbar radiculitis. Dr. Patel opined that the L3-4 disc herniation was not present on the preinjury MRI and was the result of the compensable injury. He recommended physical therapy and injections. It was noted that surgery may be necessary. A lumbar MRI showed a large L3-4 disc protrusion causing moderate effacement of the thecal sac and lateral recess narrowing, effacement of the L3 nerve root, and an L4-5 disc protrusion with effacement of the L4 nerve root on January 20, 2014.

On January 22, 2014, Dr. Patel noted that Mr. Filipek reported severe lower back pain with any kind of activity. It was noted that an MRI showed a new disc herniation at L3-4. The diagnoses remained unchanged. Therapy and injections were recommended. The claim was held

compensable for lumbar sprain/strain on February 3, 2014. Mr. Filipek underwent transforaminal epidural injections from L2-3 to L4-5 on February 6, 2014.

Mr. Filipek returned to Dr. Patel on February 24, 2014, and reported that his leg pain had improved. He still had pain in his lower back. Dr. Patel stated that surgery would be a last resort. On March 26, 2014, Dr. Patel noted that Mr. Filipek was doing better overall. The diagnoses were lumbago, lumbar disc herniation, lumbar sprain, and lumbar radiculitis. Mr. Filipek stated that he felt well enough to return to work. Mr. Filipek returned on April 2, 2014, and stated that he had an episode of pain since his last visit that required an emergency room visit. Mr. Filipek stated that he felt pain in his right paraspinal area after physical therapy. The diagnoses were lumbar sprain, thoracic sprain, lumbar disc herniation, lumbar degenerative disc disease, and nephrolithiasis. Dr. Patel noted that the pain could have been the result of a thoracic sprain due to physical therapy or a kidney stone. On April 28, 2014, Mr. Filipek stated that he was back to work and had very little pain.

Paul Bachwitt, M.D., performed an Independent Medical Evaluation on May 27, 2014, in which he noted that the claim was compensable for lumbar sprain. He opined that Mr. Filipek's sprain was superimposed on preexisting lumbar degenerative changes. Mr. Filipek had reached maximum medical improvement. Dr. Bachwitt found no clinical signs of radiculopathy on examination. He assessed 8% impairment.

In a June 4, 2014, treatment note, Dr. Patel noted that Mr. Filipek was doing well with just slight discomfort. He had stopped taking all of his medications and was back to his regular job duties with little difficulty. Dr. Patel diagnosed annular tear, herniated L3-4 disc, herniated L4-5 disc, lumbar radiculitis, and lumbar sprain. Mr. Filipek returned on December 8, 2014. It was noted that he had low back pain for four years. Mr. Filipek reported a flair-up of pain a few weeks prior, but it had since resolved. On February 9, 2015, Mr. Filipek reported that his pain had worsened. Dr. Patel diagnosed herniated L3-4 disc, herniated L4-5 disc, lumbago, lumbar radiculitis, and lumbar degenerative disc disease. He recommended an MRI and possible injections.

A February 24, 2015, lumbar MRI was unchanged from a prior study. The claims administrator denied a request for L4-5 and L5-S1 injections on March 17, 2015. Mr. Filipek returned to Dr. Patel on March 20, 2015. Dr. Patel noted that Mr. Filipek was doing better and had only slight discomfort. Facet injections were recommended. On April 29, 2015, Mr. Filipek stated that the injections improved his pain temporarily but then it returned. He described the pain as minimal to moderate. The assessments were herniated L3-4 disc, herniated L4-5 disc, lumbar radiculitis, lumbar sprain, and annular tear. Dr. Patel recommended referral to a pain clinic for epidural injections and possible ablations.

Andrew Thymius, M.D., from the West Virginia Pain Institute, treated Mr. Filipek on July 31, 2015, and diagnosed lumbosacral spondylosis, unspecified displaced intervertebral disc, lumbar radiculitis, and degenerated lumbar discs. Dr. Thymius recommended lumbar facet injections. Mr. Filipek underwent bilateral facet injections, medial branch blocks, or radiofrequency ablation at L3-4, L4-5, and L5-S1 for the diagnoses of lumbosacral spondylosis and lumbar disc degeneration.

3

In an August 22, 2018, treatment note, Dr. Patel stated that Mr. Filipek's lower back and right leg pain was getting worse. He had also developed numbness in the right leg. Dr. Patel diagnosed L3-4 and L4-5 degenerative disc disease, herniated L3-4 and L4-5 discs, lumbar sprain, lumbar degenerative disc disease, and lumbar facet arthropathy. Dr. Patel recommended physical therapy and a referral to Dr. Thymius for injections.

Rebecca Thaxton, M.D., performed a Physician Review on September 20, 2018, in which she opined that physical therapy, referral to Dr. Thymius, and a repeat MRI should be denied. She stated that the treatment guidelines for the compensable condition, lumbar sprain, had been exceeded. The claims administrator denied a request for a lumbar MRI, a referral to Dr. Thymius, and lumbar spine physical therapy on September 25, 2018.

A lumbar MRI showed degenerative disc disease from L2-L5, a new L2-3 disc herniation, worsened L3-4 disc changes, and an unchanged L4-5 disc bulge with severe foraminal narrowing on October 15, 2018. Mr. Filipek returned to Dr. Patel on October 24, 2018, and reported that the majority of his pain was now in his leg. The diagnoses were lumbar degenerative disc disease at L3-4 and L4-5, herniated L3-4 disc, herniated L4-5 disc, lumbar sprain, disc degeneration progression due to the herniated discs, and lumbar facet arthropathy. Epidural injections, physical therapy, and Naprosyn were recommended. Dr. Patel completed a Diagnosis Update that day requesting the addition of herniated L3-4 and L4-5 discs to the claim. The claims administrator denied a request for a lumbar MRI, a referral to Dr. Thymius, and lumbar spine physical therapy on November 14, 2018.

Randall Short, D.O., performed a Record Review on April 3, 2019, in which he recommended that herniated L3-4 disc be added to the claim but found that the L4-5 herniated disc preexisted the compensable injury. The claims administrator added L3-4 herniated disc to the claim and denied the addition of L4-5 herniated disc on April 4, 2019. On September 16, 2019, Dr. Patel noted that Mr. Filipek was improved overall. He was doing his normal job. Dr. Patel stated that as long as Mr. Filipek remained stable, he should continue his current routine.

The Office of Judges affirmed the claims administrator's decision denying a request for a lumbar MRI, a referral to Dr. Thymius, and lumbar spine physical therapy on March 13, 2020. It found that the employer argued that Dr. Thaxton's opinion reliably shows that the L4-5 disc herniation did not result from the compensable injury and that the evidence shows the requested treatment is not necessary for a compensable condition. The Office of Judges agreed. It found that a May 8, 2018, treatment note by Ms. Lilly indicates Mr. Filipek's current symptoms are related to the preexisting L4-5 herniated disc. The Office of Judges further found that Dr. Patel's January 22, 2014, progress note states that the preexisting L4-5 disc herniation was not affected by the compensable injury. The Office of Judges concluded that a preponderance of the evidence indicates the requested treatment is not reasonable or necessary for a compensable condition in the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 6, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. A preponderance of the evidence indicates that the requests for a lumbar MRI, a referral to Dr. Thymius, and lumbar spine physical therapy were all made in relation to the L4-5 herniated disc. Such a condition is not compensable, and the treatment is therefore denied.

Affirmed.

**ISSUED: February 1, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton